**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**EDDIE LAMAR THOMAS, JR.,**

                **Petitioner,**

      **v.**                                       **CASE NO. 22-3121-SAC**

**STATE OF KANSAS[1],**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Eddie Lamar Thomas, Jr. Petitioner, a Kansas state prisoner who proceeds pro se, filed the petition on June 16, 2022. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that this matter was not filed within the applicable statute of limitations. Therefore, the Court will direct Petitioner to show cause why the matter should not be dismissed as time-barred.

**Background**

In 2013, a jury in Johnson County, Kansas, convicted Petitioner

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Don Langford, the current warden of Ellsworth Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

1

of aggravated robbery and first-degree murder. *State v. Thomas*, 302 Kan. 440, 441 (2015)(*Thomas I*). He was sentenced to life in prison without the possibility of parole for 20 years for the first-degree murder and a consecutive 61 months in prison for the aggravated robbery. *See* Online Records of Johnson County District Court, case number 11CR02712. Petitioner pursued a direct appeal and the Kansas Supreme Court (KSC) affirmed his conviction in an opinion filed on July 24, 2015. *Thomas I*, 302 Kan. at 440. Petitioner did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

On April 11, 2017, Petitioner filed in Johnson County District Court a motion for postconviction relief under K.S.A. 60-1507. *Id.*; *see also* Online Records of Johnson County District Court, case number 17cv02886. The district court denied the motion and, in an opinion filed June 18, 2021, the Kansas Court of Appeals (KCOA) affirmed the dismissal. *Thomas v. State*, 2021 WL 2483902, *1 (Kan. Ct. App. June 18, 2021) (*Thomas II*). Petitioner filed a petition for review with the KSC, which was denied on March 11, 2022. *See* Online Records of the Kansas Appellate Courts, case number 122,885.

On June 16, 2022, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He raises two grounds for relief. During an interview with police prior to his arrest, Petitioner made incriminatory statements. *Thomas* I, 302 Kan. at 442. Law enforcement included those statements in the subsequent application for a search warrant for Petitioner's girlfriend's residence. *Id.* Later, however, after Petitioner was criminally charged, the district court granted Petitioner's motion

2

to suppress his statements, holding that they were obtained in violation of *Miranda v. Arizona*, 348 U.S. 436, 479 (1966).

Because the statements were the only evidence presented at the preliminary hearing, the district court dismissed the criminal charges. *Thomas I*, 302 Kan. at 443. The State refiled criminal charges and, after another preliminary hearing, the district court bound Petitioner over for trial but incorporated its prior order suppressing the pre-arrest statements. It denied, however, Petitioner's motion to suppress the physical evidence found in the search, even though the warrant was obtained in part based on his pre-arrest statements. *Id.*

As Ground One, Petitioner argues that his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution were violated when the district court denied his motion to suppress the evidence from the search. As Ground Two, Petitioner argues that his trial counsel provided ineffective assistance of counsel in violation of Petitioner's rights under the Sixth and Fourteenth Amendments. (Doc. 1, p. 6.) As relief, Petitioner asks this Court to reverse his convictions. *Id.* at 14.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the

3

      conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal in state courts for an individual to file in the United States Supreme Court a petition for writ of certiorari, which is a request for review by the United States Supreme Court. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period

begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003).

In this matter, the KSC issued its opinion in Petitioner's direct appeal on July 24, 2015. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, but he had until October 22, 2015 to do so. His convictions became final the next day and the one-year federal habeas limitation period began to run. It expired one year later, on October 23, 2016.

The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, however, because Petitioner did not file his 60-1507 motion until April 11, 2017, so the 60-1507 motion does not toll the habeas limitation period. *See Kerchee v. Jones*, 428 Fed. Appx. 851, 857-58 (10th Cir. 2011) ("As he made this first filing *after* the one-year statute of limitations expired . . . , he was not entitled to statutory tolling while any of his post-conviction filings were pending."). Thus, even liberally construing the information now before the Court, it appears that this matter was untimely filed.

The one-year limitation period is subject, however, to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control."

5

*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

In addition, there is an exception to the one-year federal habeas limitation period that applies in cases of actual innocence. To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

**Conclusion**

As explained above, the petition is subject to dismissal unless Petitioner can demonstrate grounds for statutory tolling or equitable tolling or he can establish that the actual innocence

exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will continue with its review of the petition and issue further orders. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further notice to Petitioner.

**IT IS THEREFORE ORDERED** that Don Langford, Warden of Ellsworth Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including July 18, 2022, in which to show cause, in writing, to the Honorable Sam. A. Crow, United States District Judge, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:  This 17th day of June, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge